`IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DMK PHARMACEUTICALS CORP., *et al.*[1],<br><br>          Debtors. | Chapter 11<br><br>Case No. 24-10153 (MFW)<br>(Jointly Administered) |
| RK CONSULTANTS LLC, Liquidating Trustee of the DMK Liquidating Trust,<br><br>          Plaintiff,<br><br>v.<br><br>BDO USA, LLP,<br><br>          Defendant. | Adv. No. |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

RK Consultants, LLC, Trustee of the DMK Liquidating Trust (the "Plaintiff" or "Trustee"), in the above-captioned chapter 11 cases, by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against BDO USA, LLP (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) DMK Pharmaceuticals Corporation ("DMK") (9727) (ii) Adamis Corporation ("Adamis") (4912); (iii) Adamis Pharmaceuticals Corporation ("Adamis Pharma") (9663); (iv) Biosyn, Inc. ("Biosyn") (4982); (v) Rhombus Pharmaceuticals Corp. ("Rhombus") (6127); and (vi) US Compounding, Inc. ("USC") (7460) (collectively referred to as the "Debtors").

## NATURE OF THE CASE

1.     Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all (a) preferential transfers of property of the Debtors that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of the Debtors pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code") and, subject to proof, (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

2.     In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of all of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.     The United States Bankruptcy Court for the District of Delaware has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.     This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders with respect to the relief sought herein.

5.     Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409(a).

6.     Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

## THE PARTIES

7.  The Plaintiff is the Liquidating Trustee of the DMK Liquidation Trust.

8.  Upon information and belief, Defendant is an accounting and professional services firm with its headquarters located at One Prudential Plaza, 130 E. Randolph Street, Suite 2800, Chicago. IL 60601.

## PROCEDURAL BACKGROUND

9.  On February 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

10.  These chapter 11 cases (the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

11.  On September 6, 2024, the Debtors filed the *First Amended Joint Chapter 11 Plan of Liquidation for DMK Pharmaceuticals Corporation, Adamis Corporation, Adamis Pharmaceuticals Corporation, Biosyn, Inc., Rhombus Pharmaceuticals Corporation, and US Compounding, Inc.* [D.I. No. 523] (the "Plan").

12.  The Plan was confirmed on October 28, 2024, and went effective on November 15, 2024 (the "Effective Date").

13.  Pursuant to Article IX of the Plan, the Liquidation Trust was established as of the Effective Date and the Trustee was appointed.

14.     Pursuant to its statutory duties and its responsibilities under the Plan, the Trustee investigated certain claims and causes of action and made demands of various parties for the return of estate property.

15.     Pursuant to Bankruptcy Code sections 547, 548, 550, 704(a), 1106, and 1107, Plaintiff is authorized and has standing to investigate, pursue, commence, prosecute, compromise, settle, or otherwise resolve certain causes of action under chapter 5 of the Bankruptcy Code, including the instant avoidance action.

FACTUAL BACKGROUND

16.     Prior to the Petition Date, the Debtors, a clinical stage biotech company, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services. The Debtors also regularly paid for services used to facilitate their businesses.

17.     During the ninety (90) days before the Petition Date, that is between November 4, 2023 and February 2, 2024  (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment or otherwise, to various entities.

18.     Upon inform4tion and belief, during the course of their relationship, the Debtors and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A.

19.     The Debtors made transfer(s) of an interest of their property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $243,793.00 (the "Transfer"). The details of the Transfer are set forth on Exhibit A attached hereto and incorporated by reference.

20.     Plaintiff is seeking to avoid all of the transfers of an interest of the Debtors' property made by Plaintiff to the Debtors within the Preference Period.

21.     On or about September 22, 2025, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s).

22.     Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

23.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

24.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

25.    As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, the Debtors made a Transfer to or for the benefit of Defendant in an aggregate amount not less than $243,793.00.

26.    The Transfer constituted transfers of an interest in property of the Debtors.

27.    Defendant was a creditor of the Debtors at the time of each Transfer by virtue of supplying the goods and/or services identified in this Complaint and in the Agreements for which Debtors were obligated to pay following delivery in accordance with the Agreements.

28.    The Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to Defendant.

29.    The Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtors to Defendant before such Transfer was made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtors as set forth on Exhibit A hereto.

30.    The Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for the Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

31.    The Transfer was made during the Preference Period, as set forth on Exhibit A.

32.     As a result of the Transfer, Defendant received more than Defendant would have received if: (i) Plaintiff's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' and Plaintiff's liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

33.     In accordance with the foregoing, the Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

34.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

35.     To the extent the Transfer identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was incurred by one Debtor but paid for by another Debtor without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfer"); and

A.     The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

B.     The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably

small capital; or

      C.      The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

36.      Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

37.      Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

38.      Plaintiff is entitled to avoid the Transfer pursuant to section 547(b) of the Bankruptcy Code and any Potentially Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (collectively, the "Avoidable Transfers").

39.      Defendant was the initial transferee of the Avoidable Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

40.      Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

41.      Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

42.     Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

43.     Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

44.     Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

45.     Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A.     On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers pursuant to sections 547(b), 548, and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.     On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and

against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to sections 502(d) and (j) of the Bankruptcy Code; and

   C.  Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 1, 2026         GELLERT SEITZ BUSENKELL & BROWN, LLC

        By: */s/ Margaret M. Manning*
        Michael Busenkell (DE 3933)
        Margaret M. Manning (DE 4183)
        1201 N. Orange St., Suite 300
        Wilmington, DE 19801
        Telephone: (302) 425-5800
        Fax: (302) 425-5814
        E-mail: mbusenkell@gsbblaw.com
          mmanning@gsbblaw.com

        *Counsel for Trustee of the DMK Liquidation Trust*

# <u>EXHIBIT A</u>

**Preference Period Transfers to BDO USA, LLP Mastercard**

| Date of Transfer | Amount | Type |
|---|---|---|
| 11/13/2023 | $ 243,793.00 | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DMK PHARMACEUTICALS CORP., *et al.*[2]<br><br>　　　　　　　　Debtors. | Chapter 7<br><br>Case No. 24-10153 (MFW)<br>(Jointly Administered) |
| RK CONSULTANTS LLC, Liquidating Trustee of the DMK Liquidating Trust,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BDO USA, LLP,<br><br>　　　　　　　　Defendant. | Adv. No. |

**NOTICE OF DISPUTE RESOLUTION ALTERNATIVES**

As party to litigation you have a right to adjudication of your matter by a judge of this Court. Settlement of your case, however, can often produce a resolution more quickly than appearing before a judge. Additionally, settlement can also reduce the expense, inconvenience, and uncertainty of litigation.

There are dispute resolution structures, other than litigation, that can lead to resolving your case. Alternative Dispute Resolution (ADR) is offered through a program established by this Court. The use of these services are often productive and effective in settling disputes. The purpose of this Notice is to furnish general information about ADR.

The ADR structures used most often are mediation, early-neutral evaluation, mediation/arbitration and arbitration. In each, the process is presided over by an impartial third party, called the "neutral."

---

[2] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) DMK Pharmaceuticals Corporation ("DMK") (9727) (ii) Adamis Corporation ("Adamis") (4912); (iii) Adamis Pharmaceuticals Corporation ("Adamis Pharma") (9663); (iv) Biosyn, Inc. ("Biosyn") (4982); (v) Rhombus Pharmaceuticals Corp. ("Rhombus") (6127); and (vi) US Compounding, Inc. ("USC") (7460) (collectively referred to as the "Debtors").

In mediation and early neutral evaluation, an experienced neutral has no power to impose a settlement on you. It fosters an environment where offers can be discussed and exchanged. In the process, together, you and your attorney will be involved in weighing settlement proposals and crafting a settlement. The Court in its Local Rules requires all ADR processes, except threat of a potential criminal action, to be confidential. You will not be prejudiced in the event a settlement is not achieved because the presiding judge will not be advised of the content of any of your settlement discussions.

Mediation/arbitration is a process where you submit to mediation and, if it is unsuccessful, agree that the mediator will act as an arbitrator. At that point, the process is the same as arbitration. You, through your counsel, will present evidence to a neutral, who issues a decision. If the matter in controversy arises in the main bankruptcy case or arises from a subsidiary issue in an adversary proceeding, the arbitration, though voluntary, may be binding. If a party requests de novo review of an arbitration award, the judge will rehear the case.

Your attorney can provide you with additional information about ADR and advise you as to whether and when ADR might be helpful in your case.

Dated: January __, 2026

 /s/  Stephen L. Grant, Sr.
Clerk of Court